{¶ 36} I concur in the majority's analysis and disposition as it pertains to appellant Ronald Bailey's loss of consortium claim. However, I respectfully dissent from the majority's decision to remand for new trial all of appellant Diane Bailey's claims.
 {¶ 37} While I concur the trial court's response to the jury's question was misleading at best, or legally incorrect at worst, I am hard pressed to find it prejudicial.[1] The jury's question only went to appellant's claim for future medical bills. Had the trial court correctly told the jury appellant could not file an additional claim, when assessing damages for future medical expenses, the jury would, nevertheless, have been limited to the evidence presented at trial. Because appellant failed to establish the cost of any future surgery(s) or the cost of any additional hearing aids, the jury would necessarily have had to speculate as to the dollar amount of those future medical expenses. Such speculation is prohibited when determining damages. Hence, any prejudice from the incorrect response to the jury's question is doubtful.
 {¶ 38} More troubling is the majority's conclusion the trial court's erroneous response could have led the jury to believe future claims could be filed and such interpretation "not only may have affected the verdict as to the future damages, including the non-economic amount awarded but possibly the overall verdict." Maj. Op. para. 30. I would not supersede the jury's verdict as to past medical bills, past noneconomic damages and future non-economic damages based on a "possibility" its verdict on these damages may have been affected by the fact it "could have" been mislead as to the availability of a later claim for future medical expenses.
 {¶ 39} I conclude the jury's verdict was not against the weight of the evidence nor did the trial court abuse its discretion in denying appellant's motion for a new trial. I would affirm the trial court's judgments.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Common Pleas Court is affirmed in part, reversed in part and remanded. Costs assessed to appellee.
[1] Although the majority applies a heightened plain error analysis, I find appellant timely objected to the trial court's response. Tr. Excerpt filed Oct. 1, 2004 p. 58.